**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND OF NEW YORK STATE, INC. and ALBERT ELIA,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>THE NEW YORK STATE UNIFIED COURT SYSTEM and NANCY SUNSHINE, *in her official capacity as County Clerk and Clerk of the Supreme Court and Commissioner of Jurors, County of Kings*,<br>　　　　　　　　Defendants. | Case No.: 25-cv-1645<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1.　This civil rights case is brought by a blind individual, ALBERT ELIA, and an association of blind individuals in New York State, NATIONAL FEDERATION OF THE BLIND OF NEW YORK (hereafter "NFBNY") (hereinafter collectively "Plaintiffs"). Plaintiffs hereby sue the NEW YORK STATE UNIFIED COURT SYSTEM and NANCY SUNSHINE in her official capacity as County Clerk and Clerk of the Supreme Court and Commissioner of Jurors, County of Kings. Plaintiffs seek to remedy the systemic discrimination by Defendants against blind individuals who report for jury duty each year, entirely capable of fulfilling their civic duty as jurors. Mr. Elia was excluded from full participation in grand jury service because of his blindness and denied the accommodations that would allow him to serve. NFBNY is an advocacy organization for blind individuals in New York State. Defendants discriminate against blind jurors by limiting their participation as jurors on the basis of their blindness, failing to reasonably accommodate or provide auxiliary aides and services, and failing to have any policies or procedures in place with respect to assistive technology for blind jurors.

1

2. Plaintiffs Mr. Elia and NFBNY hereby file this complaint, with Mr. Elia praying for injunctive relief, damages, and attorneys' fees and costs, and NFBNY praying for injunctive relief and attorneys' fees and costs. Plaintiffs sue the following: New York State Unified Court System, the judicial branch of the state of New York, which comprises all of the courts of the state of New York, and Nancy Sunshine in her official capacity as the County Clerk and Commissioner of Jurors for the Supreme Court, Kings County, for declaratory and injunctive relief, damages, and attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. ("Section 504" or "Rehabilitation Act"), and the Equal Protection Clause of the New York State Constitution, N.Y. Const. Art I § 11(a) ("Equal Protection Clause").

## FACTUAL SUMMARY

3. Mr. Elia is an individual with a disability. Mr. Elia is blind and uses a guide dog for mobility, a screen reader for navigating his computer and phone, and other assistive technology. Mr. Elia is an attorney. He seeks increased inclusion of individuals with disabilities and removal of accessibility barriers not just for his own sake, but for the sake of the broader disability community.

4. NFBNY is the New York State affiliate of the National Federation of the Blind (NFB), a national nonprofit whose mission is to coordinate programs, services, and resources for blind Americans. The NFB membership network for blind individuals provides those members with access to information and training, the opportunity to connect with other blind individuals around the country, and other resources. The members of NFBNY are blind individuals who advocate as a group for increased access and inclusion for the blind in New York State.

5.  Mr. Elia is a resident of Kings County, New York. Mr. Elia was summoned to grand jury service at the Kings County Supreme Court, Criminal Term, located at 320 Jay Street, Brooklyn, New York on Friday, October 4, 2024.

6.  Mr. Elia appeared for grand jury service on October 4, 2024 and was empaneled. He was provided assistance completing the juror card and was sworn in. On Monday, October 7, 2024, he appeared for his first day of jury service and was provided a seat in the jury room with extra space for his guide dog. He and the other jurors were provided logistical information. An Assistant District Attorney provided a legal orientation. Mr. Elia asked some general questions about interpreting the law and the proceedings.

7.  The first case the grand jury heard involved a piece of videographic evidence from an iPhone. The video was presented without audio. Mr. Elia requested the sound to be turned on. The Assistant District Attorney who presented the video explained that there was no sound, but said he would see what they could do to accommodate Mr. Elia. Mr. Elia heard two more cases with photographic or videographic evidence. In those cases, an Assistant District Attorney elicited descriptive information from the witness authenticating the evidence.

8.  Later that day, the Chief Warden of the grand jury asked Mr. Elia to speak to the Motions Judge. The Assistant District Attorney who had given the legal orientation was also present. They cleared the room except for the Assistant District Attorney, the Chief Warden, the Judge, and Mr. Elia. The Assistant District Attorney explained that he was concerned that Mr. Elia could not interpret photographic or videographic evidence. The Judge asked if Mr. Elia had any assistive technology that would help. Mr. Elia said he could use an app that generates descriptions of photos and other visual renderings of material. Mr. Elia explained how he gains access to printed documents and other visual media – he asks for verbal descriptions of the

3

material. Mr. Elia asked for the video to be described. The Judge and Assistant District Attorney stated they could not describe the photos and videos. Mr. Elia was not permitted the use of any assistive technology that would allow him to interpret photographic or videographic evidence. Mr. Elia asked the Assistant District Attorney to elicit descriptive information for the evidence from the witness authenticating the evidence, as another Assistant District Attorney had done earlier that day. The Judge said Mr. Elia needed to be able to perceive the evidence with his own senses. Mr. Elia requested minimal information about the visual evidence. Mr. Elia requested the Chief Warden to allow Mr. Elia the use of a computer to take notes in lieu of the paper notepads provided to jurors. This accommodation was granted.

9.   Mr. Elia returned to the jury room. The panel had begun hearing evidence already, so Mr. Elia sat outside the room. He asked to return to the Judge, and he tried to explain the law regarding reasonable accommodations and his request to the Judge. The Judge said the Judiciary Law allowed exclusion of Mr. Elia as a grand juror if he could not reasonably perceive the evidence. There was no process to determine whether a reasonable accommodation would enable Mr. Elia to perceive the evidence. The Judge granted the Assistant District Attorney's motion to exclude Mr. Elia from all cases involving photographic or videographic evidence.

10.  Mr. Elia returned for grand jury service on October 8, 2024. He heard evidence and deliberated on one case. The Chief Warden informed Mr. Elia that they were deciding on a case-by-case basis, after presenting all the evidence, whether Mr. Elia could deliberate on each case. Mr. Elia, therefore, had to sit through the presentation of evidence in the cases, but then might not be permitted to deliberate alongside his fellow grand jurors. The Court excused Mr. Elia after his second day of grand jury service because he was not being permitted to deliberate.

## THE PARTIES

A.   National Federation of the Blind of New York

11.   NFBNY is an organization whose mission is to advance the general welfare of the blind in New York State and achieve the integration of the blind into society as equal, among other goals. Constitution of the National Federation of the Blind of New York State, Incorporated as amended October 24, 2021, https://nfbny.org/sites/default/files/NFB-New-York-State-Constitution-2021.pdf

12.   NFBNY is an affiliate of the National Federation of the Blind, a nationwide advocacy group for blind individuals that facilitates programs and services for blind individuals.

13.   As a local affiliate of the national organization, NFBNY focuses on regional advocacy issues that impact its members, including setting a legislative agenda each year to focus on bills that increase access, justice, and funding for blind individuals.

14.   NFBNY's active members are residents who live within the boundaries of New York State. Some of NFBNY's members live in Brooklyn. As blind individuals who are residents of Brooklyn, these members are all eligible to be summoned for jury duty in Kings County courts.

15.   Some members of NFBNY are eligible for, and seek to perform, jury duty in Kings County, New York.

16.   NFBNY is an organizational plaintiff with associational standing in this case.

B.   Albert Elia

17.   Mr. Elia is a resident of Kings County, New York.

18.   Mr. Elia is an individual with a disability under the ADA and Rehabilitation Act. Mr. Elia is blind. Due to his disability, Mr. Elia is substantially impaired in the major life activity

of seeing and uses a guide dog for mobility, a screen reader for navigating his computer and phone, and other assistive technology.

19. Mr. Elia is a member of NFBNY.

20. Mr. Elia is eligible to perform jury duty and was summoned to do so.

C. New York State Unified Court System

21. Defendant New York State Unified Court System is the judicial branch of the State of New York, which comprises all the courts of the State of New York. Upon information and belief, New York State Unified Court System is responsible for the operations of the Kings County Supreme Court, Criminal Term, located at 320 Jay St, Brooklyn, NY 11201.

22. Jury duty for Kings County is a service, program, or activity of New York State Unified Court System.

23. New York State Unified Court System is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and as such it is subject to Title II of the ADA.

24. On information and belief, New York State Unified Court System receives federal financial assistance and is, therefore, a covered entity under the Rehabilitation Act.

D. Nancy Sunshine

25. Defendant Nancy Sunshine is the County Clerk, Clerk of the Supreme Court, and Commissioner of Jurors for the Supreme Court, Kings County.

26. She is sued in her official capacity for injunctive and declaratory relief and attorneys' fees/costs pursuant to the doctrine of *Ex Parte Young*.

**JURISDICTION AND VENUE**

27. This is an action for relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., (*see also* 28 U.S.C. § 2201 and § 2202), and Section 504 of the

6

Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

28. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the New York State constitutional claims because Plaintiffs' state claims are related to Plaintiffs' federal claims, arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the Constitution.

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events which are the subject of this action took place in Kings County, New York.

30. All events giving rise to this lawsuit occurred in the Eastern District of New York.

## COUNT I:
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiffs adopt and re-allege the preceding paragraphs as if they were expressly restated herein.

32. Upon information and belief, Defendants facilitate jury duty service in Kings County Supreme Court.

33. Title II of the ADA requires that no qualified individual with a disability shall, on the basis of their disability, be excluded from participation in, be denied the benefits of, or otherwise be discriminated against in the services, programs, or activities of a public entity.

34. The ADA requires that a public entity make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.

35. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford individuals equally effective communication regarding a service, program, or activity of that entity.

36. New York State law provides that in order to qualify as a juror, a person must be a citizen of the United States and a resident of the county, over eighteen years old, never convicted of a felony, and able to understand and communicate in the English language.[1]

37. Mr. Elia met all of those qualifications when he participated in grand juror selection in October 2024, and he meets all of those qualifications at present.

38. As a registered voter in Kings County and a holder of a New York State ID registered at his current address in Kings County, Mr. Elia is subject to compulsory appearance at any time, as directed by Defendants, to serve for jury duty, and is eligible to be called for jury service again in less than six years.[2]

39. Mr. Elia was called for grand jury duty and appeared to serve on a grand jury. Defendants limited Mr. Elia's participation to cases not involving photographic or videographic evidence based on his disability and denied him accommodations and auxiliary aids that would have allowed him to participate as a grand juror. Moreover, Mr. Elia was required to continue participating in the grand jury process despite the fact that he would not necessarily be permitted to deliberate on all cases.

40. Mr. Elia wants to serve on a jury and would do so if called and provided accommodations and auxiliary aids.

41. NFBNY members include blind individuals who are eligible for jury duty in Kings County, and are subject to compulsory appearance at any time, as directed by Defendants, to serve for jury duty.

---

[1] N.Y. Judiciary Law § 510 (McKinney)
[2] https://nyjuror.gov/juryQandA.shtml#Q2

42. NFBNY members want to serve on juries if provided accommodations and auxiliary aids, but they currently fear that they will encounter discrimination during the jury selection process in the future.

43. Upon information and belief, Defendants have discriminated against Mr. Elia in violation of the ADA by excluding and/or denying Mr. Elia the benefits of their services, programs, and/or activities by, *inter alia*, failing to allow blind individuals to serve on juries, failing to accommodate blind individuals serving on juries with assistive technology or auxiliary aids, failing to have any policy or procedure in place with respect to accommodating blind jurors and discriminatorily administering their program by requiring blind jurors to stay even if the court does not allow them to participate in deliberations.

44. Upon information and belief, Defendants continue to discriminate against NFBNY members in violation of the ADA by excluding and/or denying NFBNY members the benefits of their services, programs, and/or activities by failing to, *inter alia*, allow blind individuals to serve on juries, accommodate blind individuals serving on juries with assistive technology or auxiliary aids, and have any policy or procedure in place with respect to accommodating blind jurors.

45. NFBNY members have reasonable grounds for believing that they will continue to be subjected to discrimination due to Defendants' failure to, *inter alia*, allow blind individuals to serve fully as jurors on the basis of their blindness, accommodate blind individuals serving on juries with assistive technology or auxiliary aids, and have any policy or procedure in place with respect to accommodating blind jurors.

46. Plaintiffs have retained the undersigned counsel and are entitled to recover reasonable attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

47. Mr. Elia has suffered, and continues to suffer, irreparable injury by virtue of Defendants' invasion of the rights conferred on him by the ADA.

48. NFBNY members suffer, and continue to suffer, irreparable injury by virtue of Defendants' invasion of the rights conferred on them by the ADA.

49. Pursuant to 42 U.S.C. § 12131, et seq., this Court is vested with authority to grant injunctive relief to Plaintiffs, including an order that Defendants make their programs and services readily accessible to and useable by Plaintiffs and all others similarly situated.

50. Defendants' actions and inactions in violation of the ADA were conducted with deliberate indifference to the substantial risk of discrimination against Mr. Elia and other blind prospective jurors.

51. Mr. Elia has suffered damages from Defendants' discrimination.

## COUNT II:
## VIOLATION OF THE REHABILITATION ACT

52. Plaintiffs adopt and re-allege the allegations contained in all preceding paragraphs as if fully stated herein.

53. Upon information and belief, Defendants have been and continue to be recipients of federal financial assistance within the meaning of 29 U.S.C. § 794 and are therefore subject to Section 504 and its implementing regulations.[3]

54. The Rehabilitation Act provides that:

---

[3] https://www.usaspending.gov/award/ASST_NON_H79TI081041_7522

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

55. Upon information and belief, as set forth herein, Defendants have violated Section 504 by intentionally restricting Mr. Elia, solely by reason of his disability, from full participation in, denying him the benefits of, and otherwise subjecting him to discrimination under Defendants' programs and services.

56. Upon information and belief, a non-exclusive list of Defendants' violations of Section 504 against Mr. Elia are evidenced by:

   a. Limiting Mr. Elia's access to, and opportunity to participate in or benefit from, the programs and services offered by Defendants through participation in jury service;

   b. Otherwise limiting Mr. Elia in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who participate in the programs and services offered by Defendants;

   c. Denying Mr. Elia access to assistive technology or auxiliary aides necessary for equally effective communication during jury service;

   d. Denying Mr. Elia reasonable accommodations for jury service.

57. Upon information and belief, NFBNY members are likely to encounter discrimination by Defendants based solely on their blindness upon reporting for jury duty in the future.

11

58. Defendants' discriminatory actions and inactions in violation of Section 504 were conducted with deliberate indifference to the substantial risk of discrimination against Mr. Elia and other blind prospective jurors.

59. Mr. Elia has suffered damages as a result of Defendants' discrimination.

60. Mr. Elia and members of the NFBNY have been, and without the relief requested herein will continue to be, denied access to the services, programs, and activities offered by Defendants solely by reason of their disabilities in violation of Section 504.

61. Plaintiffs have retained the undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to recover their attorneys' fees, costs, and litigation expenses from Defendants pursuant to 29 U.S.C. §794(b).

## COUNT III: VIOLATION OF PLAINTIFFS' RIGHT TO EQUAL PROTECTION (N.Y. Const. Art 1 § 11[a]).

62. Plaintiffs adopt and re-allege the allegations contained in all preceding paragraphs as if fully stated herein.

63. At all times relevant herein, Defendants were acting under color of statutes, ordinances, regulations, custom, or usage of the State of New York. Defendants violated and continue to violate the rights of Plaintiffs guaranteed by the Equal Protection Clause of the New York State Constitution, Article 1, § 11.

64. The Equal Protection Clause of the New York State Constitution dictates that no person shall be denied the equal protection of the laws of this state, and that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in their civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state, pursuant to law." N.Y. Const. Art 1 § 11(a).

65. Defendants' policies and programs deny blind individuals who possess all requisite juror qualifications participation in jury service on an equal basis with similarly-situated sighted jurors.

66. Defendants discriminate against individuals on the basis of their disability by failing to allow blind individuals to serve on juries, failing to accommodate blind individuals serving on juries with assistive technology or auxiliary aids, failing to have any policy or procedure in place with respect to accommodating blind jurors and requiring blind jurors to stay even if the court does not allow them to participate in deliberations.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that:

1. This Court issue a Declaratory Judgment determining that Defendants are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.;

2. This Court issue a Declaratory Judgment determining that the programs and activities facilitated by Defendants are in violation of Section 504 of the Rehabilitation Act;

3. This Court issue a Declaratory Judgment determining that Defendants are in violation of Article 1, Section 11 of the New York State Constitution;

4. This Court grant preliminary and permanent injunctive relief against Defendants, including an Order

    a. to make the jury service programs and activities offered and administered therein readily accessible to and usable by individuals with disabilities to the extent required by the ADA and Rehabilitation Act;

    b. to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford

      all offered programs, services, facilities, privileges, and advantages to individuals with disabilities; and

   c.   to require Defendants to take such steps that may be necessary to ensure blind individuals have equally effective communication in jury service by providing auxiliary aides and services;

5. This Court enter an Order directing Defendants to alter and modify its programs and services to comply with the ADA and Section 504;

6. This Court award damages to Plaintiff Elia in an amount to be determined by proof;

7. This Court award Plaintiffs reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)2, 42 U.S.C. § 12205, and 28 C.F.R. § 35.175; and

8. This Court order such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act, the Rehabilitation Act, and the New York State Constitution.

9. Plaintiffs request a trial by jury as to all claims and factual issues.

Dated: March 25, 2025
      New York, New York

                                Respectfully submitted,

                                /s/ Victoria Pilger
                                Victoria Pilger (NY # 5942412)
                                Disability Rights Advocates
                                655 Third Avenue, Suite 2619
                                New York, New York 10017
                                (212) 644-8644
                                Vpilger@dralegal.org

                                Shawna Parks (*pro hac vice to be submitted*)
                                Disability Rights Advocates
                                2001 Center Street, 3rd Floor
                                Berkeley, CA 94704

(510) 529-3432
Sparks@dralegal.org

AND

Eve Hill (*pro hac vice to be submitted*)
BROWN GOLDSTEIN AND LEVY
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
T: 410-962-1030 x1311;
F: 410-385-0869
ehill@browngold.com

*Attorneys for Plaintiff*